# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 14, 2023

Lyle W. Cayce
Clerk

No. 23-40413

_____

Israel Antonio Torres,

*Plaintiff—Appellant*,

*versus*

Keith Foust, *Lieutenant*; Female Officer,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:23-CV-107

_____

Before Smith, Southwick, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Israel Antonio Torres, Texas prisoner # 01601476, moves to proceed in forma pauperis (IFP) on appeal following the district court's dismissal of his civil rights complaint filed under 42 U.S.C. § 1983, and denial of his motion for reconsideration filed under Federal Rule of Civil Procedure 59(e). The district court dismissed Torres's complaint because he failed to comply with the court's order directing him to file an acceptable amended complaint

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

and a properly supported application to proceed IFP. *See* Fed. R. Civ. P. 41(b); *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014).

Torres's IFP motion challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

In his appellate filings, Torres largely discusses his inability to afford the appellate filing fee. He does not address his failure to comply with the district court's order that he file a properly supported IFP application and an amended complaint, much less provide any argument challenging the reasons for the district court's dismissal of his case. Torres does not make the requisite showing that he has a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. Accordingly, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). Prior to this appeal, Torres had accumulated three strikes from the dismissal of three respective causes of action. *See Torres v. Foust*, 6:23-CV-145 (E.D. Tex. June 7, 2023); *Torres v. McLemore*, 4:22-CV-4197 (S.D. Tex. Jan. 30, 2023); *Torres v. McLemore*, 4:22-CV-3994 (S.D. Tex. Dec. 22, 2022). Torres is therefore BARRED from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). In addition, he is WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions,

No. 23-40413

including monetary sanctions and limits on his access to this court and any court subject to this court's jurisdiction.